Judge Swain

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
SOUND SHORE SALVAGE, INC. d/b/a SEA
TOW WESTERN LONG ISLAND SOUND,

        Plaintiff,        C.A. No.: _____

-against-

**07 CIV 7976**

JEFFREY S. WASSERMAN,

        Defendant.
-------------------------------------------------------X

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, SOUND SHORE SALVAGE, INC. d/b/a SEA TOW WESTERN LONG ISLAND SOUND ("Sound Shore Salvage"), by and through its undersigned counsel, hereby files this Complaint against JEFFREY S. WASSERMAN, and in support of the same alleges the following on information and belief:

### INTRODUCTION

1. This lawsuit is brought by a professional marine salvage company seeking a salvage award for the services it rendered to a luxury motor yacht that struck an object while underway. As a result of the incident, the yacht's hull was breached resulting in a massive seawater flooding event and a loss of propulsion.

## JURISDICTION & VENUE

2. This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333, and is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. This action is governed by the principles of the 1989 International Convention on Salvage as supplemented by the general maritime law of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) - (3) as well as under the special venue considerations applicable to admiralty actions. *See, e.g.,* Muller Boat Works, Inc. v. Unnamed 52' House Barge, 464 F. Supp. 2d 127, 138 (E.D.N.Y. 2006) (stating "In admiralty and maritime actions, venue lies in any district in which valid service of process could have been made on the defendant.")

## PARTIES

5. Sound Shore Salvage is a corporation organized and existing under the laws of the State of New York and is a professional marine salvor.

6. Defendant Jeffrey S. Wasserman is an individual and, upon information and belief, is a resident of the State of New York maintaining an address and amenable for service of process at 159 East 30th Street, 21st Floor, New York, NY 10016.

7. At all times material to this complaint, Jeffrey S. Wasserman was the owner of the M/Y P F FLYER.

8. The M/Y P F FLYER is an approximately fifty-four foot luxury motor yacht of fiberglass construction manufactured by Sea Ray in 1998.

## FACTS COMMON TO ALL ALLEGATIONS

9. On August 20, 2006, the M/Y P F FLYER issued a distress call to Sound Shore Salvage via the V.H.F. Marine Radio. The M/Y P F FLYER reported that it was taking on water and sought immediate assistance.

10. In response to the distress call, and due to the urgency of the report, Sound Shore Salvage immediately dispatched three salvage vessels to the M/Y P F FLYER's location.

11. Upon arriving on scene, SOUND SHORE observed the M/Y P F FLYER to be in a position of extreme marine peril.

12. Specifically, Sound Shore Salvage observed the stern of the M/Y P F FLYER to be sitting significantly low in the water. Sound Shore Salvage further observed that the M/Y P F FLYER had struck an object resulting in breaches to the yacht's hull.

13. With the permission of the master and owner of the M/Y P F FLYER, Sound Shore Salvage conceived and implemented a salvage plan whereby dewatering pumps were utilized to lower the seawater level so that the hull could be temporarily patched.

14. Thereafter, Sound Shore Salvage towed the M/Y P F FLYER to an emergency haul-out facility where the vessel was ultimately hauled from the water and successfully redelivered to its owner.

15. At the time Sound Shore Salvage rendered its services, there were no other resources willing and/or capable of rendering services to the M/Y P F FLYER such

that it would have experienced a great loss of value had Sound Shore Salvage not promptly responded.

16.   Sound Shore Salvage's efforts were wholly successful and, upon information and belief, the M/Y P F FLYER suffered only minor damages.

17.   Furthermore, Sound Shore Salvage's successful efforts prevented a significant pollution event by preventing the discharge of bunker fuel, lube oils, hydraulic oils, gray water, *etc.* which would have occurred had the M/Y P F FLYER succumbed to the seawater flooding condition.

## COUNT I

(In Personam Claim For Salvage Award - Jeffrey S. Wasserman)

18.   Sound Shore Salvage adopts and realleges the allegations in all of the above paragraphs and further states:

19.   The salvage services rendered by Sound Shore Salvage resulted in the successful removal of the M/Y P F FLYER from its position of extreme peril.

20.   The salvage services rendered by Sound Shore Salvage yielded a useful result to the M/Y P F FLYER.

21.   Sound Shore Salvage voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

22.   The salvage services rendered by Sound Shore Salvage were of the highest order.

23.   Jeffrey S. Wasserman, as owner of the M/Y P F FLYER is liable, in personam, for the salvage services rendered by Sound Shore Salvage.

24. By virtue of having voluntarily and successfully delivered the M/Y P F FLYER from a condition of extreme peril, Sound Shore Salvage is entitled to a liberal salvage award in an amount not less than $78,750.00.

25. Though demand has been made to the Defendant to pay Sound Shore Salvage a salvage award in the amount of $78,750.00, the Defendant has paid nothing.

## COUNT II

(Claim For Equitable Uplift Due to Professional Salvor Status)

26. Sound Shore Salvage adopts and realleges the allegations in all of the above paragraphs and further states:

27. Sound Shore Salvage is a professional marine salvage company maintaining vessels and equipment capable of providing marine salvage services and, in fact, provides marine salvage services on a year-round basis.

28. As a professional marine salvor, and in accord with the general maritime law, Sound Shore Salvage seeks an equitable uplift of any award provided herein in an amount not less than ten percent (10%) of the award. *See, e.g.,* B. V. Bureau Wijsmuller v. United States, 487 F. Supp. 156 (S.D.N.Y. 1979).

## COUNT III

(Attorneys' Fees & Costs)

29. Sound Shore Salvage adopts and realleges the allegations in all of the above paragraphs and further states:

30. In connection with the salvage services described herein, the Defendant signed Sound Shore Salvage's Log & Job Invoice authorizing Sound Shore to proceed with the salvage and agreeing to the terms contained on the Invoice. (A

copy of the Log & Job Invoice (as well as the reverse side) is attached hereto as Exhibit "A")

31. Among other things, the Log & Job Invoice provides that Sound Shore Salvage is entitled to its costs of collection including attorneys' fees, costs and interest.

32. By reason of the Defendant's failure to pay a salvage award, Sound Shore Salvage was compelled to retain the undersigned law firm and is obligated to pay the firm a reasonable fee for its services as well as costs associated with the herein litigation.

33. Sound Shore Salvage is therefore entitled to an award of its attorneys' fees, costs and interest by the terms of the writing signed by Defendant.

34. In the alternative, if, in response to this pleading, Defendant fails to acknowledge that Sound Shore Salvage provided salvage services, Sound Shore Salvage seeks an award of attorneys' fees and costs pursuant to this Court's discretionary powers. *See, e.g.*, Conolly v. S.S. Karina II, 302 F. Supp. 675 (S.D.N.Y. 1969).

## COUNT VI

(Prejudgment Interest)

35. Sound Shore Salvage adopts and realleges the allegations in all of the above paragraphs and further states:

36. Sound Shore Salvage seeks and is further entitled to prejudgment interest. Virgin Offshore U.S.A., Inc. v. Tex. Crewboats, Inc., 2007 U.S. Dist. LEXIS 41484 * 11 (W.D. La., June 7, 2007) ("In admiralty cases, the award of prejudgment

6

interest from the date of loss is the rule rather than the exception.")

WHEREFORE, Plaintiff Sound Shore Salvage, Inc. prays:

(a)     That Plaintiff be provided a salvage award in an amount not less than $78,750.00 as well as an equitable uplift, attorneys' fees and costs and prejudgment and post-judgment interest;

(b)     That the Plaintiff be provided such other, further and/or different relief as this Honorable Court deems just and appropriate.

Dated:     New York, NY
           August 23, 2007

>                    DEORCHIS, WIENER & PARTNERS, LLP
>                    Attorneys for Plaintiff
>
>                    By: _____
>                         John K. Fulweiler, Esquire
>                         DEORCHIS, WIENER & PARTNERS, LLP
>                         61 Broadway, 26th Floor
>                         New York, NY 10006
>                         212-344-4700 (Tel.)
>                         212-422-5299 (Fax)
>                         jfulweiler@marinelex.com
>                         Our File: 2328-2

## VERIFICATION

I, Kenneth Cavanagh, hereby declare and state as follows:

I am the owner and an officer of Sound Shore Salvage, Inc. and have personal knowledge of the herein describe salvage.

I have read the foregoing Verified Complaint and am familiar with the contents thereof, and the same are true to the best of my information and belief.

As for the statements I have made based on information and belief, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Kenneth Cavanagh

Sworn to before me this
7th day of ~~August~~, 2007
September

_____
NOTARY PUBLIC

MARIA S. CRUZ
No. 01CR5084289
Notary Public, State of New York
Qualified in Westchester County
My Commission Expires 02/06/10