James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Attorneys for JEFFREY S. WASSERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
SOUTH SHORE SALVAGE, INC. d/b/a SEA                Index No. 07-7976 (LS)
TOW WESTERN LONG ISLAND SOUND,

                       Plaintiff,                **ANSWER**

   -against-

JEFFREY S. WASSERMAN,

                       Defendant .
-----------------------------------------------------------------X

      Defendant JEFFREY S. WASSERMAN, by his attorneys, RUBIN FIORELLA & FRIEDMAN LLP., for his answer to the Verified Complaint, alleges on information and belief as follows:

      1.    Denies the allegations in paragraph "1" of the Verified Complaint.

      2.    Paragraph "2" of the Verified Complaint contains a question of law to which no response is required, however, to the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Verified Complaint.

      3.    Paragraph "3" of the Verified Complaint contains a question of law to which no response is required, however, to the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Verified Complaint.

4. Paragraph "4" of the Verified Complaint contains a question of law to which no response is required, however, to the extent a response is required, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "5" of the Verified Complaint.

6. Admits that Jeffrey S. Wasserman is an individual and resident of the State of New York and denies the remaining allegations in paragraph "6" of the Verified Complaint.

7. Admits the allegations of paragraph "7" in the Verified Complaint.

8. Admits that the vessel is a 1998 54-foot Sea Ray vessel and denies the remaining allegations of paragraph "8" of the Verified Complaint.

9. Denies the allegations in paragraph "9" of the Verified Complaint.

10. Denies the allegations in paragraph "10" of the Verified Complaint.

11. Denies the allegations in paragraph "11" of the Verified Complaint.

12. Denies the allegations in paragraph "12" of the Verified Complaint.

13. Denies the allegations in paragraph "13" of the Verified Complaint.

14. Denies the allegations in paragraph "14" of the Verified Complaint.

15. Denies the allegations in paragraph "15" of the Verified Complaint.

16. Denies the allegations in paragraph "16" of the Verified Complaint.

17. Denies the allegations in paragraph "17" of the Verified Complaint.

## ANSWERING COUNT I

18. Answering paragraph "18", repeats and realleges each and every allegation set forth in paragraphs "1" to "17" hereof as if set forth fully herein.

19. Denies the allegations in paragraph "19" of the Verified Complaint.

20. Denies the allegations in paragraph "20" of the Verified Complaint.

21. Denies the allegations in paragraph "21" of the Verified Complaint.

22. Denies the allegations in paragraph "22" of the Verified Complaint.

23. Denies the allegations in paragraph "23" of the Verified Complaint.

24. Denies the allegations in paragraph "24" of the Verified Complaint.

25. Denies the allegations in paragraph "25" of the Verified Complaint.

## ANSWERING COUNT II

26. Answering paragraph "26", repeats and realleges each and every allegation set forth in paragraphs "1" to "25" hereof as if set forth fully herein.

27. Denies the allegations in paragraph "27" of the Verified Complaint.

28. Denies the allegations in paragraph "28" of the Verified Complaint.

## ANSWERING COUNT III

29. Answering paragraph "29", repeats and realleges each and every allegation set forth in paragraphs "1" to "28" hereof as if set forth fully herein.

30. Denies the allegations in paragraph "30" of the Verified Complaint.

31. Denies the allegations in paragraph "31" of the Verified Complaint.

32. Denies the allegations in paragraph "32" of the Verified Complaint.

33. Denies the allegations in paragraph "33" of the Verified Complaint.

34. Denies the allegations in paragraph "34" of the Verified Complaint.

## ANSWERING COUNT IV

35. Answering paragraph "35", repeats and realleges each and every allegation set forth in paragraphs "1" to "34" hereof as if set forth fully herein.

36. Denies the allegations in paragraph "36" of the Verified Complaint.

## FIRST SEPARATE DEFENSE

37. The Verified Complaint fails to state a cause of action against or claim under the law of salvage upon which relief may be granted.

## SECOND SEPARATE DEFENSE

38. No salvage service was rendered and plaintiff is not entitled to a salvage award.

## THIRD SEPARATE DEFENSE

39. Wasserman claims the benefit of all contractual and/or statutory limitations of liability, including the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 *et seq*.

**WHEREFORE**, defendant prays for the following:

a) judgement in its favor, dismissing plaintiff's complaint, with prejudice, together with costs and attorneys' fees;

b) such other and further relief as the court may deem just and proper.

Dated: December 3, 2007

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Defendant

By: *Michael Stern*
James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
292 Madison Avenue
New York, New York 10017
(212) 953-2381
File No.: 473-7930